IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM RUCKER**, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * No. _____ |
| | * |
| **BURLINGTON COAT FACTORY DIRECT** | * |
| **CORPORATION, BURLINGTON COAT** | * |
| **FACTORY WAREHOUSE CORPORATION,** | * |
| **JONES LANG LASALLE AMERICAS, INC.,** | * |
| and **LASALLE INVESTMENT MANAGEMENT, INC.,** | * |
| | * |
| Defendant. | * |

## JOINT NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendants Burlington Coat Factory Direct Corporation ("Burlington Direct"), Burlington Coat Factory Warehouse Corporation ("Burlington Warehouse), Jones Lang LaSalle Americas, Inc. ("Jones Lang"), and LaSalle Investment Management, Inc. ("LaSalle Investment") by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby jointly file this Notice of Removal of the above-described action to the United States District Court for the Middle District of Tennessee at Nashville from the Circuit Court for Davidson County, Tennessee where the action is now pending and states as follows:

1.  This cause of action was commenced in the Circuit Court for Davidson County, Tennessee on or about December 11, 2017. Burlington Direct was served on or about December 14, 2017. Burlington Warehouse was served on or about December 14, 2017. Jones Lang Lasalle Americas, Inc. was served on or about December 14, 2017. LaSalle Investment Management,

Inc. was served on or about December 14, 2017. Therefore, this Notice of Removal is timely filed.

2. The action is a civil action for damages arising out of injuries allegedly sustained in Davidson County, Tennessee. The United States District Court for the Middle District of Tennessee, at Nashville, has jurisdiction by reason of the diversity citizenship of the parties and amount in controversy in excess of $75,000.

3. Burlington Coat Factory Direct Corporation is a corporation organized under the laws of New Jersey. Its principal place of business is located in New Jersey.

4. Burlington Coat Factory Warehouse Corporation is a corporation organized under the laws of Delaware. Its principal place of business is located in New Jersey.

5. Jones Lang Lasalle Americas, Inc. is a corporation organized under the laws of Maryland. Its principal place of business is located in Illinois.

6. Lasalle Investment Management, Inc. is a corporation organized under the laws of Maryland. Its principal place of business is located in Illinois.

7. The Plaintiff is a citizen and resident of Tennessee.

8. Because Plaintiff is a resident and citizen of Tennessee and the defendants are not, complete diversity exists under 28 U.S.C. § 1332.

9. The amount in controversy requirement for diversity jurisdiction is satisfied in this case, because based on a fair reading of the Plaintiff's Complaint the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

10. "A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006)(citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "[W]here plaintiffs seek 'to uncover some unspecified amount that is not self-evidently greater or less than the

federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy "more like than not" exceeds $75,000." *Everett*, 460 F.3d at 822 (citing *Gafford,* 997 F.2d at 158). In other words, the "minimum amount in controversy is satisfied if a 'fair reading' of the plaintiff's complaint makes it more likely than not that the damages exceed $75,000." *Giffin v. Runyons*, No. 11-146-ART, 2011 U.S. Dist. LEXIS 122092, at *7 (E.D. K.Y. Oct. 21, 2011) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)).

11. In the context of personal injury cases, courts have found that facial values of more than $75,000, exist when the Plaintiff sustained serious injuries. *See, e.g., Kusmich v. J.C. Penney Corp.*, No. 5:05CV1586, 2005 U.S. Dist. LEXIS 18415 (N.D. Ohio Aug. 29, 2005) (holding "the facts as alleged lead this Court to believe that is more likely than not that Plaintiff's claims met or exceeded the federal amount-in-controversy at the time of removal."); *Luckett v. Delta Airline, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(finding a complaint alleged damages greater than $75,000, when the Plaintiff suffered alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and temporary inability to do housework after the hospitalization).

12. The Court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citations omitted).

13. Plaintiff alleges he is entitled to damages based on injuries sustained when he tripped and fell on an earring. Complaint at ¶ 10.

14. As a result of the fall, Plaintiff alleges that he "suffered serious, painful, and possibly permanent injuries." Complaint at ¶ 20.

3

15. The Plaintiff did not set forth a specific amount of damages in his Complaint, rather; the Plaintiff demands "[a]n award of compensatory damages for Plaintiffs in a fair and reasonable amount to be determined the jury." Complaint at ¶ 29. Plaintiff states that he sustained "damages, harms and losses including, but not limited to, physical injuries, pain and suffering, loss of enjoyment of life, mental anguish, emotional distress, as well as future elements of these harms and losses" as a result of the fall. Complaint at ¶ 23.

16. Plaintiff also states "[b]ecause of the medical care, services, supplies, and therapy required and actually given in the treatment of Plaintiff's injuries, he incurred medical expenses and will continue to incur such expenses in the future." Complaint at ¶ 24.

17. While the Plaintiff has not provided all of the necessary information to calculate his damages, it is more likely than not, based solely on the Plaintiff's general description of the damages in the Complaint, that the amount in controversy of Plaintiff's claim will exceed $75,000, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

18. A copy of all pleadings and Orders served upon Defendants is filed with this Notice and attached hereto as <u>Exhibit A</u>.

19. Written notice of the filing of this Notice will be made, as required by 28 U.S.C. § 1446(d).

20. A copy of this Notice will be filed with the Clerk of the Circuit Court of Davidson County, Tennessee as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants jointly request that this action proceed in this Court as an action properly removed to it.

Dated this the 12th day of January, 2018.

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Ashley B. Gibson_____ _____
**SEAN W. MARTIN, BPR #020870**
**ASHLEY B. GIBSON, BPR #034140**
Attorneys for Burlington Coat Factory DirectCorporation and Burlington Coat Factory Warehouse Corporation
651 E. 4th Street, Suite 100
Chattanooga, TN 37403
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
agibson@carrallison.com

**SCHULMAN, LeROY & BENNETT**

By: ____/s/ Barbara J. Perutelli_____ _____
**BARBARA J. PERUTELLI, BPR #11097**
Attorney for Jones Lang LaSalle Americas, Inc. and LaSalle Investment Management, Inc.
501 Union Street, Suite 701
P.O. Box 190676
Nashville, TN 37219
(615) 244-6670
bperutelli@slblawfirm.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on **January 12, 2018** I electronically filed a **JOINT NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Bawer Tayip
Delshad Omer
Tayip & Omer, PLLC
1720 West End Ave., Suite 530
Nashville, TN 37203

Barbara J. Perutelli
Schulman, LeRoy & Bennett
501 Union Street, Suite 701
P.O. Box 190676
Nashville, TN 37219

                        **CARR ALLISON**

                        **BY:  /s/ Ashley B. Gibson**
                              **SEAN W. MARTIN, BPR #020870**
                              **ASHLEY B. GIBSON, BPR #034140**